UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HARRY JAMES GREER, III,

              Petitioner,

     v.

BELINDA STEWART,

              Respondent.

Case No.  C07-464RSL

ORDER DISMISSING HABEAS
CORPUS PETITION

      This matter comes before the Court on the petition for a writ of habeas corpus by Harry James Greer, III ("petitioner" or "Greer").  See Dkt. #1 (Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody).  The Court, having reviewed the petition for writ of habeas corpus, Respondent's "Answer and Memorandum of Authorities" (Dkt. #7), the Report and Recommendation ("R & R") (Dkt. #11) of the Honorable Monica J. Benton, United States Magistrate Judge, petitioner's objections to the Report and Recommendation (Dkt. #12), and the remaining record, hereby finds and rules as follows.

## I. BACKGROUND

      The R & R provides a detailed background in this matter, which the Court hereby incorporates by reference.  For clarity in the record, the Court briefly summarizes the background here before turning to the review of Greer's petition.

ORDER DISMISSING HABEAS CORPUS PETITION     1

1   **A.      Procedural History.**

2         In January 2004, Greer was convicted in Snohomish County Superior Court of robbery in

3   the first degree and sentenced to 150 months in custody.  <u>See</u> Record ("REC"), Ex. 1 at 1; 6.  In

4   June 2005, the Washington Court of Appeals affirmed the conviction on direct appeal.  <u>See</u> REC

5   at Ex. 2.  The Court of Appeals denied Greer's motion for reconsideration.  <u>See</u> REC at Ex. 7.

6   Apparently due to confusion about the correct court to file in, Greer submitted an untimely

7   motion for review and a motion for extension of time to the Washington Supreme Court, and the

8   Supreme Court denied the motions in January 2006.  <u>See</u> R & R at 3; REC at Ex. 9.

9         Greer then filed a personal restraint petition ("PRP") in the Washington Supreme Court.

10  <u>See</u> REC at Ex. 10.  The Supreme Court transferred the petition to the Court of Appeals, which

11  dismissed the PRP, holding that "petitioner has not stated grounds upon which relief can be

12  granted by way of a personal restraint petition."  REC, Ex. 11 at 4.  Nearly two months after the

13  dismissal, Greer filed a motion for an extension of time to file a motion for discretionary

14  review,[1] which the Supreme Court clerk granted, and a request for copies from his direct appeal,

15  which the clerk denied.  <u>See</u> R & R at 4; REC, Ex. 12 at 2.  Greer filed a "Motion to Modify

16  Clerk's Ruling & Extend Time to File" (REC at Ex. 12) and a "Motion for Discretionary

17  Review" (REC at Ex. 13) on September 25, 2006, which was the deadline fixed by the clerk.  In

18  October 2006, the Supreme Court denied Greer's "Motion to Modify the Clerk's Ruling" and

19  dismissed the motion for discretionary review as moot.  <u>See</u> REC at Ex. 14.

20  **B.      Petitioner's Claims.**

21        Greer raises nine separate claims in this federal habeas petition.[2]  Greer claims ineffective

22  assistance of counsel in failing to (1) object to admission of the knife as evidence, (2) object to

23  _____

24        [1]  Under state law, the motion for review must be filed within thirty days of the order.  <u>See</u> Wash.
    R. App. P. 13.5(a).

25

26        [2]  These nine claims are presented in four "grounds" for relief.  Greer's ineffective assistance
    "ground" includes six claims.

27  ORDER DISMISSING HABEAS CORPUS PETITION      2

the admission of hearsay evidence, (3) abide by Greer's request to obtain fingerprint evidence from the knife admitted in evidence, (4) present impeachment evidence from the investigator, (5) insist on a lesser included offense instruction, and (6) notify or correct Greer's filing of a request for an extension of time to file a motion for discretionary review on direct appeal.  See R & R at 8-9; Dkt. #1 (Petition) at 5-6.  In his seventh separate claim, Greer asserts a claim of illegal search of his car and seizure of the knife.  See R & R at 10; Petition at 8.  Eighth, he asserts a due process violation in not providing a lesser included offense instruction to the jury.  See R & R at 13; Petition at 9.  Ninth and finally, he claims due process and equal protection violations in the clerk's ruling denying him a record of sufficient completeness, which he believes he should have received without charge due to indigence to allow for effective appellate review.  See R & R at 10; Petition at 11.

## II.  ANALYSIS

This Court reviews the R & R and petitioner's objections de novo.  See 28 U.S.C. § 636(b)(1).  The R & R concludes that Greer failed to properly exhaust state remedies for three of his four federal habeas claims.  Greer objects, asserting that he "did everything in his power to press upon the state courts the importance of his Constitutional Claims."  Objection at 22.  The R & R dismisses the remaining claim as not raising a federal constitutional question.  See R & R at 13.  The Court agrees with the R & R's dismissal of the habeas claims but reaches this same result under separate analysis.

**A.   Exhaustion.**

A petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also 28 U.S.C. §2254(b)(1)(A).  In exhausting his claims, petitioner must present each claim to the state's highest court.  See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994).

The R & R determined that several of Greer's claims were not exhausted (1) for failure to

raise the particular claim in the PRP or in the motion for discretionary review of the PRP or (2) for failure to specify federal constitutional grounds for his claims in state court.  In accordance with the State of Washington's established appellate review process, petitioner must demonstrate that he specifically raised each of his federal habeas petition's federal constitutional claims in both his PRP and his motion for discretionary review of the PRP decision:  to exhaust state remedies, petitioner "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curium)).  Each claim "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (holding that "general appeals to broad constitutional principles" fail to fairly present federal claims to state courts); 28 U.S.C. § 2254(a).  A claim is not exhausted "where the claim has been presented for the first and only time in a procedural context in which the merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351 (1989) (rejecting the argument that "submission of a new claim to a State's highest court on discretionary review constitutes a fair presentation").

        **1.**      **Greer's ineffective assistance claim for failure to notify or correct his filing and his claim for denial of a complete record are not exhausted because of their omission from the PRP.**

Because the PRP contains no mention of the ineffective assistance claim based on failure to notify or correct Greer's filing nor does it mention the due process and equal protection claim concerning denial of a record of sufficient completeness, these two claims are unexhausted.  Greer presented the issue of the failure to correct or notify him of his filing mistake only in his motion for review of the PRP decision, and without framing it as an ineffective assistance of counsel claim.  See REC, Ex. 13 at 2.  Greer only presented the denial of sufficient record claim to the Washington Supreme Court in his motion to modify the clerk's

ruling.  See REC, Ex. 12 at 4.  Regardless of the fact that the denial of documents giving rise to

the claim occurred after the Court of Appeals' decision on the PRP, neither of these claims was

presented in a procedural context that would have alerted the state court that Greer was asserting

substantive PRP claims.  They are therefore not exhausted.  See Castille, 489 U.S. at 350-51.

**2.    The ineffective assistance claims for failure to object to hearsay evidence and failure to present impeachment evidence are not exhausted because of their omission from the motion for discretionary review.**

Two of the habeas claims are unexhausted because, although raised in the PRP, they were

not presented to the Washington Supreme Court in the motion for discretionary review.  The

motion did argue the ineffective assistance of counsel claims for failure to object to the

admission of the knife into evidence, failure to abide by Greer's request to obtain fingerprint

evidence from the knife, and failure to insist on a lesser included offense instruction.  See REC,

Ex. 13 at 5-11; 17-19.  The motion also referred to the lesser included offense instruction,

although without specifying a constitutional due process claim.  Id. at 8.  The motion also

arguably included the illegal search and seizure claim in referring to his challenge to the

admission of the knife and in alleging and describing "a blatant illegal act by the police."  See id.

at 17-19.  The motion omitted, however, the ineffective assistance of counsel claims for failure

to object to admission of hearsay evidence and failure to present impeachment evidence from the

investigator as well as the due process claim of not providing a lesser included offense

instruction to the jury.  The absence of these claims in the motion resulted in the Washington

Supreme Court not receiving a fair presentation of these claims; the omitted claims are therefore

unexhausted.

**3.    The due process claim of not providing a lesser included offense instruction, the search and seizure claim, and the ineffective assistance claims for failure to request fingerprint evidence and failure to insist on a lesser included offense instruction are not exhausted because of omission of the federal constitutional reference.**

Four claims were not fairly presented to each appropriate state court because Greer cited

no specific guarantee under the United States Constitution, either in the PRP or in the motion for

discretionary review of the PRP.  Although it is questionable whether the PRP, within its four corners, adequately expressed through case citations a federal constitutional question of due process for Greer's claim concerning not providing a lesser included offense instruction, the motion for review entirely omitted any federal constitutional basis for Greer's claim.  See REC, Ex. 10 at 10-13; Ex. 13 at 8.  Additionally, the R & R correctly observes that the substance of this claim presents no federal constitutional question.  See R & R at 13-14.  The motion for review cited no federal constitutional violation concerning the search of Greer's car and seizure of the knife, even though the PRP identified a Fourth Amendment basis for the claim.  See REC, Ex. 10 at 6-8, 21; Ex. 13 at 17-19.  Similarly, the motion lacked any specific constitutional basis for two ineffective assistance of counsel claims, namely, the failure to abide by Greer's request to obtain exculpatory fingerprint evidence and the failure to insist on a lesser included offense instruction, despite Greer's having cited the Sixth Amendment for all his ineffective assistance of counsel claims in his PRP.  See REC, Ex. 10 at 15; Ex. 13.  The motion for review apparently argued a Sixth Amendment basis for the ineffective assistance of counsel claim regarding the knife evidence, although only from case citation and broad constitutional reference:  concerning his attorney's failure to object to admission of the knife into evidence, Greer asserted, "she was ineffective in her assistance of counsel in this and several other areas and . . . , considering the entire record, it is clear that appointed counsel did not afford me constitutionally effective representation."  Id. at 17.  Although this vague reference might suffice with respect to this one claim, allusions to "other areas" and "the entire record" do not adequately connect any other specific ineffective assistance claims with a specific constitutional guarantee.  In sum, Greer failed to adequately alert the Washington Supreme Court as to the constitutional nature of these three claims.

//

//

ORDER DISMISSING HABEAS CORPUS PETITION        6

### 4. Filing the PRP originally with the Washington Supreme Court did not exhaust the PRP claims.

Greer in his objection to the R & R contends that he exhausted all the claims in his PRP by originally filing his PRP with the Washington Supreme Court, thereby affording the highest court with an opportunity to review his claims.  See Dkt. #12 at 6-8.  He opines that the Supreme Court then improperly transferred his petition to the Court of Appeals.  See id.  Greer errs in the proposition that filing the claims with the Supreme Court obliged the Supreme Court to make an original determination and that he thus fulfilled the requirement of presenting his claims to the highest court.  On the contrary, state law requires the Court of Appeals to decide PRPs, limiting original jurisdiction to the Supreme Court only for capital punishment cases.  See Wash. R. App. P. 16.3(c).

In summary, except for the directly identified claim regarding the knife evidence, all Greer's claims are unexhausted.  Nonetheless, as the Court discusses below, both the exhausted claim and the unexhausted claims are procedurally defaulted.

## B.   Procedural Default.

Unlike the exhaustion doctrine, which "applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law," the procedural-default doctrine precludes consideration of a federal claim (1) when the state court declines to consider the claim for procedural reasons or (2) when "it is clear that the state court would hold the claim procedurally barred."  Franklin v. Johnson, 290 F.3d 1223, 1230-31 (9th Cir. 2002) (citing 28 U.S.C. § 2254(c) and Harris v. Reed, 489 U.S. 255, 263 & n.9 (1989)).  Procedural default is, in the habeas context, "a critical failure to comply with state procedural law," and the state must generally raise it as an affirmative defense.  Trest v. Cain, 522 U.S. 87, 89 (1997).  If the state court declines to consider a claim for procedural reasons, the state court must explicitly rely on the procedural bar to foreclose petitioner's asserting the same claims in a federal habeas petition;

under the "plain statement" rule, an ambiguous statement will not suffice.  See Harris, 489 U.S. at 263 ("[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." (internal quotation omitted)). Alternatively, the State may assert a procedural-default defense to unexhausted claims if the claims are procedurally barred from any further state remedy.  See Franklin, 290 F.3d at 1232-33 (holding that the state waived the procedural-default defense against unexhausted claims because the state failed to raise in district court the procedural bars foreclosing exhaustion in state court).

### 1.     The ineffective assistance claim for failure to object to introduction of the knife is procedurally defaulted.

Respondent presented a procedural-default defense for Greer's ineffective assistance claim for failure to object to admission of the knife into evidence.  See Dkt. #7 (Answer) at 14-15.  Greer argues that his attorney should have challenged the knife's admission based on the search of his car, the seizure of the knife found in the car, the possibility of the police planting the knife in the car, and the chain of custody of the knife.  See Dkt. #1 at 5-6.  Even though Greer exhausted this claim because he presented it in the PRP, included it in the motion, and framed in federal constitutional terms, the claim fails on another procedural requirement. According to state procedure, the PRP, as a collateral challenge, may only raise issues not considered on direct appeal.  See Matter of Personal Restraint of Lord, 123 Wn.2d 296, 329 (1994) ("A personal restraint petition is not meant to be a forum for relitigation of issues already considered on direct appeal, but rather is reserved for consideration of fundamental errors which actually prejudiced the prisoner.").  In dismissing Greer's PRP, the Washington Court of Appeals explained that the court had addressed on direct appeal the claims of ineffective assistance of counsel in failing to object to admission of the knife, in failing to request a lesser included offense instruction, and failure to request testing of the knife for fingerprints.  See

ORDER DISMISSING HABEAS CORPUS PETITION        8

REC, Ex. 11 (PRP Decision of Court of Appeals) at 3 ("Because this court has already addressed these claims, Greer may not raise them now."); see also REC, Ex. 2 (Direct Appeal Decision of Court of Appeals) at 4-5 (noting the police had a warrant to search the car and Greer's lack of explanation as to why counsel would have had any basis to challenge the admission of the evidence obtained in the search). The Court of Appeals decision, as the last reasoned judgment by the state, "clearly and expressly" relied on a state procedural bar for the dismissal of this claim. Therefore the claim is procedurally defaulted.

> **2.     Greer's unexhausted claims are procedurally defaulted.**

Greer is procedurally barred from returning to state court with his unexhausted claims, which results in a procedural default on those claims for purposes of federal habeas review. Respondent's Answer does not raise the procedural-default defense in regard to Greer's unexhausted claims. The R & R, however, correctly concludes that Greer has procedurally defaulted on his unexhausted claims due to state procedural bars. See R & R at 11-12. If the default is clear on the face from the petition and it would further the interests of comity and judicial economy, a magistrate judge's sua sponte application of the procedural-default doctrine provides petitioner with sufficient notice and a reasonable opportunity to oppose procedural default. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (holding that the magistrate judge's Memorandum and Recommendation afforded petitioner with notice and a reasonable opportunity to oppose procedural default); see also Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998) (holding that a district court's sua sponte application of procedural-default doctrine was merited when the petition revealed the default on its face and it furthered "the interests of comity, federalism, and judicial efficiency"). Here, the Court applies the doctrine to the unexhausted claims given that it furthers equitable considerations of comity and judicial economy, the default based on state procedural bars was readily identifiable from the petition and respondent's answer (Dkt. #7 at 16), and the R & R gave Greer notice of its application and a reasonable opportunity to oppose default.

ORDER DISMISSING HABEAS CORPUS PETITION        9

1

**3.      None of Greer's claims overcome default by cause or prejudice.**

2

Greer does not argue any cause for his procedural default on his claims, nor actual

3

prejudice that would result to him, nor any resulting miscarriage of justice.

4

> In all cases in which a state prisoner has defaulted his federal claims in state
> court pursuant to an independent and adequate state procedural rule, federal
> habeas review of the claims is barred unless the prisoner can demonstrate
> cause for the default and actual prejudice as a result of the alleged violation
> of federal law, or demonstrate that failure to consider the claims will result
> in a fundamental miscarriage of justice.

5

6

7

8

Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Both Greer's exhausted claim and his

unexhausted claims are subject to the independent and adequate state rule doctrine.  An

9

independent and adequate state procedural rule resulted in default of Greer's only exhausted

10

claim.  Likewise, the independent and adequate state rule doctrine applies when "petitioner

11

failed to exhaust state remedies and the court to which the petitioner would be required to

12

present his claims in order to meet the exhaustion requirement would now find the claims

13

procedurally barred," thereby resulting in procedural default for the federal habeas claims.  Id. at

14

735 n.1.  For the reasons set forth in the R & R, Greer demonstrates none of the grounds

15

required for escaping the consequences of default on any of his claims.  See R & R at 12-13.

16

**C.      Petitioner's Allegations of Fraud.**

17

In his objection to the R & R, Greer raises new allegations of fraud and contempt against

18

Alex A. Kostin, counsel for respondent.  Greer seems to base his argument on the asserted

19

absence of six documents from respondent's submission of relevant state court records.  See

20

Objection at 5 and 15–17.  One of the listed documents appears in the administrative record and

21

was included in the materials reviewed by this Court:  the PRP, signed February 7, 2006 (REC,

22

Ex. 10).  The absence of the remaining five documents is immaterial as Greer presents no

23

argument as to why the documents, which include letters transferring the PRP to the Washington

24

Court of Appeals and respondent's response to the PRP in state court, would constitute relevant

25

state court records.  Their presence would in no way alter the results of this decision because the

26

27

ORDER DISMISSING HABEAS CORPUS PETITION      10

administrative record already contains the only documents that would possibly demonstrate exhaustion of petitioner's claims.  Furthermore, Greer states that "the reason for Mr. Kostin's Fraud upon this Court.  Is [sic] that Mr. Greer originally filed a Personal Restraint Petition . . . where he did, specifically, present to that Court Six Grounds for Relief."  Objection at 4.  Contrary to Greer's contention, however, respondent faithfully records Greer's six original grounds from the PRP.  Dkt. #7 ("Answer and Memorandum of Authorities") at 7-8.  The Court also has carefully reviewed these six grounds in the PRP itself.  For these reasons, the Court finds no basis for finding fault on the part of respondent.

### III.  CONCLUSION

For all of the foregoing reasons, the Court ADOPTS the Report and Recommendation (Dkt. #12) consistent with the conclusions reached in this Order and DISMISSES WITH PREJUDICE Greer's habeas corpus petition.  The Clerk of Court is directed to enter judgment accordingly.

DATED this 17th day of March, 2008.

Robert S. Lasnik
United States District Judge

ORDER DISMISSING HABEAS CORPUS PETITION       11