UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HARRY JAMES GREER, III,

Petitioner,

v.

BELINDA STEWART,

Respondent.

No. C07-464RSL

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND RULE 60(b) MOTION, AND ORDER GRANTING CERTIFICATE OF APPEALABILITY

## I. INTRODUCTION

This matter comes before the Court on petitioner's "Petition With Supporting Authorities To Quash The Judgment In This Case And Reconsider Judgment, Due to Fraud And Denial Due Process [sic] Of The Fourteenth Amendment To The Federal Constitution" (Dkt. #15). Although petitioner's motion is not a model of clarity, the Court construes petitioner's filing as: (1) a motion for reconsideration of the Court's order and judgment dismissing his federal habeas petition; (2) a motion for relief from judgment under Fed. R. Civ. P. 60(b)(3); and (3) a notice of appeal. For the reasons set forth below, the Court denies petitioner's motion for reconsideration and relief from judgment, but grants a certificate of appealability.

## II. DISCUSSION

### A. Motion for reconsideration

Petitioner styled his motion to "reconsider [the] judgment." Motion at 1. Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of

manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). Petitioner has failed to identify any manifest error in the Court's prior ruling or to produce new facts or legal authority that would change the Court's original analysis. Accordingly, to the extent petitioner moves for reconsideration of the Court's order dismissing his habeas corpus petition (Dkt. #13) and accompanying judgment (Dkt. #14), the motion is DENIED.

**B. Rule 60(b) motion for relief from judgment**

Petitioner expressly moves for relief from judgment under Fed. R. Civ. P. 60(b)(3), which provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" As a threshold issue, the Court finds that petitioner's filing (Dkt. #15) is a Rule 60(b) motion rather than a successive habeas petition. In Gonzales v. Crosby, 545 U.S. 524 (2005), the Supreme Court addressed the interaction between habeas petitions and Rule 60(b), stating:

> [A] [Rule 60(b)] motion might seek leave to present "newly discovered evidence," Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied. . . . Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. We think those holdings are correct.

Id. at. 531 (internal citation omitted). The Supreme Court went on to hold that whether a Rule 60(b) motion should be construed as a successive habeas petition depends on whether the motion "attacks the federal court's previous resolution of a claim on the merits[.]" Id. at 532 (emphasis in original). If it does, then the Rule 60(b) motion should be treated as a successive habeas petition. Id. However, if the Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then the motion should be viewed as a Rule 60(b) motion. Id. & n.4.

Applying the principles articulated in Crosby to this case, the Court finds that petitioner's Rule 60(b) motion attempts to challenge defects in the integrity of the habeas proceedings, rather than attack the substance of the Court's resolution of the claims on the merits. Crosby, 545 U.S. at 532; Motion at 1 (stating that the judgment is "replete with fraud . . . misrepresentation of the facts in the record, [and] and intentional fabrication of process"). For these reasons, the Court considers petitioner's filing as a 60(b) motion and not a successive habeas petition. Petitioner, however, offered no evidence under Rule 60(b)(3) that the Court's order dismissing his petition and the judgment were obtained by fraud, misrepresentation, or other misconduct. See Bunch v. United States, 680 F.2d 1271, 1283 (9th Cir. 1982) (affirming denial of Rule 60(b)(3) motion under abuse of discretion standard where there was no evidence of fraud, misrepresentation or misconduct). Therefore, the Court DENIES petitioner's motion under Rule 60(b).

**C. Notice of appeal and certificate of appealability**

Finally, as part of his motion, petitioner expressed his intent to appeal the Court's judgment, stating: "Petitioner . . . hereinafter requests a rehearing upon the facts in the record; and should that not be available, than [sic] this petition be treated [sic] as his notice of intent to appeal the judgment of this Court, dismissing his habeas corpus petition . . . with prejudice." Motion at 18. The Court considers this as a request for certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). Under the amended version of 28 U.S.C. § 2253(c), a petitioner may not appeal the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court unless the district court or the Ninth Circuit issues a certificate of appealability identifying the particular issues that may be pursued on appeal. United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).

To obtain a certificate of appealability, the petitioner must make a substantial showing of

the denial of a constitutional right. "[O]bviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor." Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In contrast, where a petition is dismissed on procedural grounds, the Court must determine whether "jurists of reason" would debate: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the district court's procedural ruling was correct. Id. Having reviewed the record in this case, including the Report and Recommendation (Dkt. #11) of the Honorable Monica J. Benton, United States Magistrate Judge, petitioner's objections thereto, and the Court's subsequent Order dismissing the habeas corpus petition (Dkt. #13), the Court finds that the Court's determination that petitioner's claims fail as unexhausted and/or procedurally defaulted is debatable among reasonable jurists. Therefore, the Court issues petitioner a certificate of appealability.

## III. CONCLUSION

For all of the foregoing reasons, petitioner's motion (Dkt. #15) is GRANTED IN PART and DENIED IN PART. Petitioner's motion for reconsideration and Rule 60(b) motion for relief from judgment is DENIED. The Court construes petitioner's notice of appeal as a request for certificate of appealability. The Court GRANTS petitioner's request for certificate of appealability.

DATED this 4th day of June, 2008.

Robert S. Lasnik
United States District Judge